FILED ENTERED
LOGGED RECEIVED

JUL 26 2010

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SEAN DAVON SCOTT | * | |
| v. | * | Civil Action No. RDB-09-403 |
| UNITED STATES OF AMERICA | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-05-0550 |
| SEAN DAVON SCOTT | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Sean Davon Scott ("Petitioner" or "Scott"), a federal prison inmate, has filed the pending Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Paper No. 69.) On May 4, 2006, Scott was found guilty of possession of a firearm after conviction of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). Scott challenges his conviction and the subsequent sentence of 204 months that he received on August 16, 2006. Scott asserts that the United States Court of Appeals for the Fourth Circuit failed to consider his reply brief before affirming his conviction. In addition, he contends that he received ineffective assistance of counsel at his suppression hearing, trial, and sentencing, and during his appeal. Finally, Scott claims that the government violated his due process rights by failing to disclose material evidence that is favorable to his defense. On June 12, 2009, the Government filed its response in opposition to Scott's § 2255 motion. This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated

below, this Court will, by separate order, DENY Scott's motion.

## BACKGROUND

On August 1, 2005, William Bearde, a Baltimore City Police Officer and member of the Baltimore City Police Department's Special Enforcement Team ("SET"), stopped a vehicle after noticing that its windshield was cracked. (Suppression Tr. 19.) Petitioner Sean Davon Scott ("Petitioner" or "Scott") was sitting in the passenger seat of the vehicle and a man named Conrad Armstrong was positioned in the driver's seat. (*Id.* at 20-21.) As Officer Bearde approached the driver's side window of the vehicle, he saw Scott adjusting an object in his waistband. (*Id.* at 20.) At the window of the vehicle, Officer Bearde noticed that Scott was shaking, sweating, and staring straight ahead. (*Id.* at 20-21.) Fearing that Scott might be armed, Officer Bearde asked Baltimore City Police Officer Michael Brinn, whose patrol car was parked about half a block away, to provide assistance. (*Id.* at 21-22.) Officer Brinn arrived and asked Scott to exit the vehicle. (*Id.* at 63.) After Scott exited the car, he was frisked by Officer Brinn, who felt an object on Scott's hip that Officer Brinn recognized as a gun. (*Id.*) At this time, Scott admitted to Officer Brinn that he had a firearm on his body, and Officer Brinn removed the gun from Scott's waistband and placed him under arrest. (*Id.* at 63-64.) A third Baltimore City Police Officer was present at the traffic stop, but he had no role in the stop or the subsequent search and arrest. (Pet'r's Mot. 25-26.)

On November 16, 2005, a federal grand jury returned a one-count indictment charging Scott with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (Paper No. 1.) On March 17, 2006, this Court held a suppression hearing during which it denied Petitioner's motion to suppress the firearm that Officers Bearde and Brinn had obtained from Scott and the

2

inculpatory statement that Scott had made to Officer Brinn. (Paper No. 23.) After this hearing and before the commencement of Scott's trial, this Court conducted an *in camera* review of the internal files of Officers Bearde and Brinn and found no impeachable materials. (Trial Tr. 97-98.) Scott proceeded to trial, and on May 4, 2006, a jury convicted him as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Paper No. 44.) During Scott's sentencing on August 16, 2006, this Court determined that Scott was an Armed Career Criminal under 18 U.S.C. § 924(e) (Trial Tr. 389, 393); as a result, Scott was classified with a criminal history category of VI and sentenced to 204 months in prison. (Paper No. 49.) The Fourth Circuit affirmed Scott's conviction on October 10, 2007. *United States v. Scott*, No. 06-4911, 2007 U.S. App. LEXIS 23765, at *5 (4th Cir. Oct. 10, 2007).

On April 13, 2009, Scott filed the present motion, in which he challenges his conviction and sentence on several grounds. First, Scott asserts that the Fourth Circuit did not consider his reply brief when it affirmed his conviction. Second, he claims that his trial counsel's representation was ineffective because, at the suppression hearing, counsel failed to: (1) challenge the constitutionality of the traffic stop; (2) object to this Court's use of the term "bulge" when referring to an object in petitioner's waistband; (3) call the third police officer at the traffic stop as a witness; and (4) argue that Scott should have received a *Miranda* warning before he was searched. Scott contends that his trial counsel also failed to challenge a jury instruction at trial and this Court's use of a prior state conviction in its sentencing computation. Third, Scott claims that his appellate counsel was deficient for failing to challenge the constitutionality of the traffic stop and the district court's credibility findings on appeal. Finally, Scott asserts that the government failed to disclose material evidence favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

3

## DISCUSSION

### I. Failure to Consider Petitioner's Reply Brief

Scott contends that the Fourth Circuit did not read his reply brief, in which he challenged this Court's use of the term "bulge" during the suppression hearing to refer to Officer Bearde's detection of an unidentified object in Scott's waistband. During the hearing, Scott did not object to this Court's use of "bulge." *Scott*, 2007 U.S. App. LEXIS 23765, at *3.

To review newly raised issues for the first time on appeal, an appellate court must find that refusal to review such issues would constitute plain error or result in a fundamental miscarriage of justice. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Scott contends that the Fourth Circuit could not have considered his reply brief because it ultimately affirmed his conviction. (Pet'r's Mot. 11.) However, the fact that Scott's conviction was affirmed is not evidence that the Fourth Circuit disregarded his reply brief; rather, it reflects the Fourth Circuit's determination that this Court's use of the term "bulge" was not plain error and did not cause a fundamental miscarriage of justice. *Scott*, 2007 U.S. App. LEXIS 23765, at *4-5. Because there is no evidence to suggest that the Fourth Circuit neglected Scott's reply brief, this claim fails.

### II. Ineffective Assistance of Trial Counsel

Scott contends that his trial counsel rendered ineffective assistance of counsel during his suppression hearing, trial, and sentencing proceeding.

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 689. Toward this end, the petitioner must overcome a "strong presumption" that counsel's

4

assistance was reasonable and effective. *Id.* Second, petitioner must show that counsel's deficient performance "prejudiced the defense" by proving that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A showing that counsel's errors had some "conceivable effect on the outcome of the proceeding" is insufficient; instead, the errors must be of the sort that "undermine confidence in the outcome" of the trial. *Id.* at 693-94. If a petitioner cannot adequately establish prejudice, then the court need not consider the performance component. *Id.* at 697; *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

Before assessing the main grounds asserted in support of Scott claim of ineffective assistance of counsel, this Court quickly dispenses with his challenge to trial counsel's failure to object to a jury instruction that covered the definition of "possession." This Court used a standard modern federal jury instruction for "possession." *See* Sand & Siffert, *Modern Federal Jury Instructions*, No. 35-49. Because this instruction was proper, defense counsel cannot be deemed deficient for failing to object to it, nor was Scott prejudiced as a result. *Yarbrough v. Johnson*, 490 F. Supp. 2d 694, 711-12 (4th Cir. 2008).

### A.   Failure to Challenge the Constitutionality of the Traffic Stop

Scott argues that counsel failed to introduce evidence at the suppression hearing challenging the constitutionality of Officer Bearde's traffic stop. Toward this end, Scott contends that counsel should have admitted a form, called a "SERO Inquiry," issued by the Maryland State Police's Automotive Safety Enforcement Division that is dated July 10, 2008. (Pet'r's App. C.)

During trial, Officer Bearde testified that he pulled over Armstrong's vehicle for a cracked windshield violation and that he recorded a glass defect on his repair order. (Trial Tr.

5

117, 141.) At the time, the government attempted to admit into evidence a contemporaneous SERO Inquiry form, which indicated that a windshield repair order had been issued for the vehicle. (Trial Tr. 141-42.) However, this evidence was ultimately excluded due to defense counsel's objection. After reviewing the evidence presented at trial, this Court found that it was undisputed that the windshield was cracked because there was no evidence in the record contravening Officer Bearde's testimony. (*Id.* at 371.)

Scott cannot persuasively claim that his counsel was ineffective for not seeking the admission of a document—a SERO Inquiry form dated July 10, 2008—that did not exist at the time of trial. Indeed the record reflects that defense counsel was effective in having an earlier SERO Inquiry form, which indicated that the windshield was cracked, excluded from trial. Thus, Scott has failed to show that defense counsel committed any deficiency with respect to the traffic stop.

### B. Failure to Object to the District Court's Use of the Term "Bulge"

Scott contends that his trial counsel should have objected to the term "bulge," which this Court used when referring to Officer Bearde's testimony about the "unknown object in [Scott's] waistband area." (Suppression Tr. 20.) However, Scott has not shown that an objection to the use of this term would have the reasonably probable effect of altering the outcome of his trial. The Fourth Circuit determined that Officer Bearde's statement and this Court's use of "bulge" had the same legal significance. *Scott*, 2007 U.S. App. LEXIS 23765, at *4. Because the term "bulge" has been deemed an accurate generalization of Officer Bearde's testimony, Scott cannot prove that failure to object to the term undermined confidence in the trial's outcome.

### C. Failure to Call Third Police Officer to Testify

Scott also takes issue with defense counsel's failure to examine a third police officer who

was present at the traffic stop, and whose testimony could have called into question the credibility of Officers Bearde and Brinn. However, Scott concedes that the third officer did not participate in, and had no recollection of, the traffic stop, search, and arrest. (Pet'r's Mot. 26.) Considering that the third officer would not have been able to address these incidents if he had testified, Scott's claim is unfounded.

### D. Failure to Argue Petitioner's Right to Receive a *Miranda* Warning

Scott next contends that defense counsel failed to argue that Officers Bearde and Brinn should have given Scott a *Miranda* warning before frisking him.

Under *Miranda v. Arizona*, 384 U.S. 436, 467-68 (1966), a person who is in custody must be informed of his right to remain silent prior to interrogation. However, it is settled law that during a traffic stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), an officer is not required to give a *Miranda* warning. *United States v. Leshuk*, 65 F.3d 1105, 1108-09 (4th Cir. 1995). Because this Court found that the search conducted by Officers Bearde and Brinn was a valid *Terry* stop (Suppression Tr. 125), Officers Bearde and Brinn were not required to give Scott a *Miranda* warning. Further, Scott cannot successfully argue that his inculpatory statement, which this Court found to be voluntary (Suppression Tr. 126), warranted *Miranda* protection. *See Rhode Island v. Innis*, 446 U.S. 291, 300 (1980) (affording no *Miranda* protection to statements given freely and voluntarily). Because Scott's argument for *Miranda* protection is not supported by law, he cannot show that his trial counsel's failure to make such an argument was ineffective.

### E. Failure to Object to Inclusion of Prior Conviction in Criminal History Computation

Finally, Scott submits that trial counsel should have objected to this Court's sentencing computation, which included Scott's 1999 state conviction for possession with intent to manufacture and distribute heroin. Scott claims that because he was not represented by a lawyer

at a prior court proceeding that related to this earlier offense, his 1999 state conviction should have been excluded from the sentencing computation.

The Supreme Court has held that a petitioner may challenge a prior conviction used to enhance a sentence if that prior conviction was the product of a *Gideon v. Wainwright*, 372 U.S. 335 (1963) violation. *Daniels v. United States*, 532 U.S. 374, 382 (2001). When facing a challenge to a conviction based on a *Gideon* violation, reviewing courts assess whether the particular event where counsel was absent resulted in "potential substantial prejudice to defendant's rights." *United States v. Wade*, 388 U.S. 218, 227 (1967).

Scott's contention fails for several reasons. First, Scott cannot substantiate his claim that he was deprived of counsel "at several critical stages" before he pled guilty in March of 1999. (Pet'r's Mot. 44.) The only evidence he provides is a postponement form prepared by the Circuit Court of Baltimore City, which indicates that on June 16, 1998, Scott appeared in court without counsel. This document shows that the Circuit Court postponed the proceeding because Scott was without counsel. (Pet'r's App. D.) Therefore, Scott could not have been prejudiced by the outcome of this hearing. In addition, Scott concedes that defense counsel was present when he pled guilty to the possession charge.

Second, Scott cannot prove that he was prejudiced by trial counsel's failure to object to the sentencing computation. Even if Scott's 1999 conviction had not been included in his criminal history computation, Scott would still qualify as an Armed Career Criminal under 18 U.S.C. § 924(e) because he has at least three prior convictions for violent felonies and serious drug offenses. (Trial Tr. 425-26.)

Finally, although the Sentencing Guidelines prescribed a prison term of 235-293 months for his conviction, Scott ultimately received a sentence of 204 months after this Court made a

downward departure. (Trial Tr. 430-31.) This sentence is lower than the 210-262 month range, which Scott maintains he should have received under criminal history category V. (Pet'r's Mot. 45.)

III.     **Ineffective Assistance of Appellate Counsel**

In Scott's third claim, he contends that his appellate counsel rendered ineffective assistance of counsel by failing to challenge the constitutionality of the traffic stop and the credibility findings of this Court.

A.      **Failure to Challenge Constitutionality of Traffic Stop**

On appellate review, the Fourth Circuit looks for clear error when a petitioner challenges a factual finding in a district court's ruling on a motion to suppress. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). Scott supports this argument with the same "SERO Inquiry" printout that is dated July 10, 2008. (Pet'r's App. C.) However, Scott cannot fault appellate counsel for not seeking to admit a printout that did not exist at the time his case was on appeal. Moreover, it is well-settled that a defendant may not raise a claim on appeal that relates to evidence that is not contained in the record. *United States v. Russell*, 971 F.2d 1098, 1112 (4th Cir. 1992).

B.      **Failure to Challenge District Court's Credibility Findings**

Scott claims that appellate counsel should have challenged the district court's credibility findings regarding Officers Bearde and Brinn. However, in *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985), the Supreme Court explained that "if the district court's account of the evidence is plausible in light of the record viewed in its entirety," an appellate court may not reverse the conviction. The level of deference heightens when a district court's credibility findings are appealed because "only the trial judge can be aware of" the demeanor, tone, and other indicators of witnesses' credibility. *Id.* at 575. This Court found Officers Bearde and

Brinn to be convincing because they stated facts in a plausible fashion and their testimonies lacked embellishment. (Suppression Tr. 118-121.) In addition, the Fourth Circuit specifically found no clear error in this Court's credibility determination. *Scott*, 2007 U.S. App. LEXIS 23765, at *5. Thus Scott cannot show that there is a reasonable probability that, had appellate counsel challenged this Court's credibility findings, the result of his appeal would have been different. *Strickland*, 466 U.S. at 694.

### IV. Government's Failure to Disclose *Brady* Evidence

Finally, Scott contends that the government suppressed evidence that Officers Bearde and Brinn were part of a unit of the Baltimore City Police Department's Special Enforcement Team ("SET") that was under investigation. (Pet'r's Mot. 62.) Scott claims this evidence would have been favorable to him and material to the outcome of his case, and that the government's actions violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Scott cites to articles published in *The Baltimore Sun* that reported on the Baltimore City Police Department's internal investigations of the SET's practices, as well as investigations made by city prosecutors. (Pet'r's App. F.) Officers Bearde and Brinn are not implicated or mentioned in these articles. (*Id.*)

Scott's claim fails because he cannot show that evidence of the SET investigation would have been material. To prove a *Brady* violation, a petitioner must show that the prosecution was aware of material evidence favorable to the defense, yet failed to disclose it. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Evidence is material if its disclosure would have the reasonable probability of altering the outcome of the proceeding. *United States v. Bagley*, 473 U.S. 667, 682 (1985). General information on the SET investigation, which did not relate or refer to Scott's arresting officers, would not have altered the outcome of the trial.

### CONCLUSION

In conclusion, Scott's claims are without merit and his Motion to Vacate, Set Aside, or Correct Sentence is accordingly DENIED. A separate Order follows.

JULY 26, 2010

/s/ *Richard D. Bennett*
Richard D. Bennett
United States District Judge